UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3494 GAF (OPx) | Date | June 22, 2011 |
|---|---|---|---|
| Title | Suretec Insurance Company v. WR Layne Construction and Engineering et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**      **(In Chambers)**

### ORDER TO SHOW CAUSE RE: MOTION TO WITHDRAW AS ATTORNEY OF RECORD

Pending before the Court is a motion by Susan J. Ormsby ("Counsel") of Corbett, Steelman & Specter to withdraw as attorney of record for Defendants in this case. (Docket No. 15.)

"An attorney may not withdraw as counsel except by leave of court. An application for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action." C.D. Cal. R. 83-2.9.2.1. Where a client is a corporation, the attorney must give it "written notice . . . of the consequences of its inability to appear pro se." Id. 83-2.9.2.3. An attorney's motion to withdraw must disclose adequate grounds for excusing counsel from further representation. William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 12:192, at 12-66.3 (2006). Federal courts generally look to the applicable state rules of professional conduct to determine what constitutes adequate grounds for withdrawal. Id.; see also Denney v. City of Berkeley, 2004 WL 2648293, at *2 (N.D. Cal. Nov. 18, 2004). California courts have found that the state's rules of professional conduct give courts broad discretion to grant or deny an attorney's request to withdraw. See Mandell v. Superior Court, 136 Cal. Rptr. 354, 355 (Ct. App. 1997). In addition, "[u]nless good cause is shown and the ends of justice require, no . . . relief of attorney will be approved that will cause delay in prosecution of the case to completion." C.D. Cal. R. 83-2.9.2.4; see also Darby v. City of Torrance, 810 F. Supp. 275, 276 (C.D. Cal. 1992).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3494 GAF (OPx) | Date | June 22, 2011 |
|---|---|---|---|
| Title | Suretec Insurance Company v. WR Layne Construction and Engineering et al | | |

  Counsel's motion explains that she seeks to withdraw because "[c]ommunication with Defendants has increasingly become more difficult to non-existent" and because "[c]ounsel for Defendants has not been paid any legal fees or reimbursed for costs." (Mot. at 3.) The motion is deficient in several respects. First, counsel has not submitted any <u>evidence</u>, such as a declaration, supporting the allegation that communication has broken down and her clients have failed to pay her fees. Without evidence, the Court cannot evaluate the merits of the motion to withdraw. In addition, counsel has not offered <u>evidence</u> that she complied with Local Rules 83-2.9.2.1 and 83-2.9.2.3. Finally, counsel has not offered any explanation why her withdrawal will not cause any delay in this case, or why good cause exists to allow her to withdraw despite any delay it may cause.

  Counsel is hereby **ORDERED TO SHOW CAUSE** why this motion should not be denied on the basis of these deficiencies. Counsel can satisfy this Order by filing (1) an amended motion explaining why the withdrawal will not cause delay or why withdrawal should be allowed despite any resulting delay and (2) a written declaration that (a) states facts showing that communication has broken down and that she has not been paid and (b) describes the manner in which she has complied with the applicable local rules regarding advance notice to the clients and other parties in the case. Counsel shall file this declaration, or any other appropriate response to this Order, **by no later than June 30, 2011. <u>Failure to file a response by that deadline will be deemed consent to denial of the motion.</u>**

  **IT IS SO ORDERED.**